IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-14-074 |
| | § | |
| RAFAEL TERRONES-GONZALEZ, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendant, Rafael Terrones-Gonzalez, has filed Petitioner's Motion to Reduce Sentence Under <u>Illegal Reentry</u> Residual Clause of the Armed Career, Career Offender, Under 18 U.S.C. § 3582(c) <u>Modified Sentence</u> Under <u>Welch v. United States</u>, 136 S. Ct. 790, 193 L. Ed. 2d 534, (U.S., 2016) Retroactive on April 18th, 2016 for <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), and <u>United States v. Vivas-Ceja</u>, 808 F.3d 722 (7th Cir. December 22nd, 2015) ("§ 3582(c) Motion") (Docket Entry No. 45). Pending before the court is the United States' Response to Movant's § 2255 Motion and Motion for Summary Judgment (Docket Entry No. 50),[1] to which Terrones-Gonzalez has not responded. On March 20, 2014, defendant pleaded guilty to illegal reentry by a previously deported alien

---

[1]Although the government characterized Terrones-Gonzalez' motion as a motion pursuant to 28 U.S.C. § 2255, the court concludes it is instead a motion for relief under 18 U.S.C. § 3582(c). Accordingly, the court will refer to it as a § 3582(c) Motion notwithstanding the nomenclature used by the government.

after an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b)(2); and on May 22, 2014, petitioner was sentenced within the advisory Sentencing Guideline range to 56 months in prison and three years of supervised release (Judgment in a Criminal Case, Docket Entry No. 27). On April 21, 2015, Terrones-Gonzalez' appeal was dismissed as frivolous (Judgment, United States Court of Appeals, Docket Entry No. 43).

Terrones-Gonzalez argues that he is entitled to habeas relief under two recent decisions of the United States Supreme Court. In Johnson v. United States, 135 S. Ct. 2551 (2015), the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), for purposes of sentence enhancement for a felon's possession of a firearm was unconstitutionally vague. In Welch v. United States, 136 S. Ct. 1257 (2016), the Court held that its decision in Johnson announced a substantive rule that applied retroactively on collateral review.

Terrones-Gonzalez' sentence was not based on the ACCA, and the ACCA did not affect his advisory sentencing guideline range. (Nor was his guideline range or his sentence affected by 18 U.S.C. § 16, which defines a "crime of violence.") The court therefore concludes that Terrones-Gonzalez is not entitled to relief under § 3582(c) (or under § 2255).

Accordingly, the United States' Motion for Summary Judgment (Docket Entry No. 50) is **GRANTED**, and Terrones-Gonzalez' § 3582(c) Motion (Docket Entry No. 45) is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **ORDERED** to provide a copy of this Memorandum Opinion and Order to Rafael Terrones-Gonzalez and to the United States Attorney for the Southern District of Texas.

**SIGNED** at Houston, Texas, on this 21st day of February, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE